Grafton,    (
June 30, 1903.  (

## HURLBUTT, *Trustee,*   *v.*   BROWN.   .

An attachment of the property of an insolvent debtor is not invalidated by the filing of a petition in bankruptcy against him more than four months thereafter.

Where property of an insolvent debtor is attached on mesne process more than four months prior to the commencement of bankruptcy proceedings against him, a judgment rendered in the action within such period is not voidable by the trustee, although entered by consent of the bankrupt, in favor of one who knew that a preference was thereby intended.

Where a creditor has acquired an attachment lien more than four months before the filing of a petition in bankruptcy against his debtor, the fact that the latter suffers the property to be sold on execution does not entitle the trustee in bankruptcy to the proceeds.

CASE, by the plaintiff as trustee in bankruptcy of one Wilder, to recover of the defendant the value of certain property. Facts found, and case transferred from the November term, 1902, of the superior court, by *Pike,* J.

Wilder is the son-in-law of the defendant, and prior to September 25, 1899, owned and conducted a drug business at Lebanon. On that date the defendant brought suit against Wilder, and caused his stock in trade to be attached to secure the payment of certain promissory notes which Wilder owed him. The writ was entered at the October term, 1899. There was no appearance by Wilder. The action was defaulted, and judgment entered for the plaintiff Brown, January 26, 1900. Execution was issued upon the judgment, January 30, 1900. On February 9, 1900, a petition in bankruptcy was filed against Wilder. February 10, 1900, the property attached was sold on the execution for $2,064.77, of which $1,995.64 was applied in satisfaction of the execution and $69.13 was subsequently paid to the plaintiff, as trustee in bankruptcy. Wilder was adjudged bankrupt March 8, 1900, and the plaintiff was appointed and qualified. April 10, 1900.

Wilder was insolvent before September 25, 1899, and so continued down to the filing of his petition in bankruptcy. During all of this time both Brown and Wilder knew that the latter was insolvent. Wilder intentionally suffered the judgment to be entered against himself in the defendant's suit and levy to be made thereon. The effect of this judgment and levy was to enable the defendant to obtain a greater percentage of his debts than any other creditors of the same class. The defendant "had a reasonable cause to believe," and in fact knew, that "it was intended thereby" to give him a preference.

*Sargent, Niles & Morrill*, for the plaintiff.

*Jewett & Plummer*, for the defendant.

WALKER, J.   The plaintiff claims that he is entitled to recover under section 67f of the bankruptcy act of July 1, 1898, which, so far as it is material to the plaintiff's contention, provides "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt." In *Metcalf* v. *Barker*, 187 U. S. 165, it was held that judgment creditors of a bankrupt, by commencing a judgment creditor's action more than four months before the petition in bankruptcy is filed, acquire a lien on the property of the bankrupt which is not rendered void by section 67f of the bankruptcy act, though the judgment enforcing the lien was recovered less than four months prior to the filing of the petition, since this provision relates to judgments creating liens, and not to judgments which enforce otherwise valid pre-existing liens. The court say (*p.* 174): "In our opinion, the conclusion to be drawn from this language [*s.* 67f] is that it is the lien created by the levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months, the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens." As the defendant's attachment of the debtor's property was regularly made more than four months before the petition in bankruptcy, and as it created a valid lien thereon (*Kittredge* v. *Warren*, 14 N. H. 509; *Peck* v. *Jenness*, 7 How. 612; *Metcalf* v. *Barker*, *supra*), the authoritative decision in the latter case upon the point raised renders extended discussion of it unnecessary.

But the plaintiff takes the additional position that he has made out a case under section 60, where it is provided (a) that "a person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class"; and (b) that "if any bankrupt shall have given a prefer-

ence within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." In answer to the argument based upon these provisions, it is sufficient to say that the preference consists in the debtor's suffering a judgment to be entered against him, the enforcement of which would result in the appropriation for the benefit of the judgment creditor of specific property of the debtor, which would otherwise be held for all the common creditors. But in this case, before the entry of the judgment, which it is claimed constituted the preference, the defendant's attachment lien had become a valid security as against the subsequent proceedings in bankruptcy. The defendant had become a secured creditor, and when the petition in bankruptcy was filed he was not a creditor " of the same class " he was in when he brought his suit. Then he was an unsecured creditor, as against proceedings in bankruptcy which might have been instituted within four months. After the expiration of that period, and in the absence of action against the debtor's estate under the bankruptcy law, the defendant became a secured creditor. The provisions of the statute last above quoted, thus construed, are in accord with the controlling construction given section 67·f in *Metcalf* v. *Barker, supra.*

Nor does section 3a (3) of the bankrupt act change this result. It is there enacted that " acts of bankruptcy by a person shall consist of his having . . . suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference." To construe this section in connection with section 60, in accordance with the plaintiff's contention, would be in effect to hold that although a creditor has acquired an attachment lien on his debtor's property more than four months before the filing of a petition in bankruptcy, and has in fact become a secured creditor, the trustee in bankruptcy is entitled to the property or its proceeds, if the debtor suffers the property to be sold upon execution. The inconsistency of such a result is apparent. As said by the court in *In re Blair*, 108 Fed. Rep. 529 : " It is not easy to reconcile all the language concerning preferences and liens in the bankrupt act, but the argument thus drawn from sections 3 and 60 does not appear to me strong enough to meet the language and plain implication of section 67f."

*Case discharged.*

All concurred.